Mary Jo O'Neill, AZ Bar #005924
Rita Byrnes Kittle, CO Bar #17871
Loretta Medina, NM Bar # 5410
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Albuquerque Area Office**
505 Marquette Ave. N.W., Suite 900
Albuquerque, New Mexico  87102
(505) 248-5230
Email:  mary.oneill@eeoc.gov
          rita.kittle@eeoc.gov
          loretta.medina@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Equal Employment Opportunity Commission, | CIV |
| Plaintiff, | **COMPLAINT AND JURY TRIAL DEMAND** |
| vs. | |
| Paloma Blanca Health & Rehabilitation, LLC, a Florida corporation, | |
| and | |
| Alpha Health Care Properties, LLC, a Florida corporation, | |
| and | |
| La Vie Care Centers, LLC, d/b/a Consulate Health Care, a Florida corporation, | |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act

of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Doug Johnson.  As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, discriminated against Johnson on the basis of his disabilities by refusing to reasonably accommodate Johnson and terminating him because of his disabilities and/or because he requested the reasonable accommodations he needed due to his disabilities in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112(a-b), as amended by the ADA Amendments Act of 2008.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3) and 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1), (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1), (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and 2000e-6.

4. At all relevant times, Defendants have continuously been and are now doing business in the State of New Mexico and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Paloma Blanca Health & Rehabilitation, LLC, has engaged in a single employer, joint employer, and/or integrated enterprise relationship with Defendants Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC.

7. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Doug Johnson filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. See 42 U.S.C. § 2000e-5(f)(1), incorporated into the ADA by reference by 42 U.S.C. § 12117(a).

9.  On September 11, 2013 the Commission issued to Defendant(s) a Letter of Determination finding reasonable cause to believe that the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, was violated and inviting Defendant(s) to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.  On January 24, 2014, the Commission issued to Defendant(s) a Notice of Failure of Conciliation advising Defendant(s) that the Commission was unable to secure from Defendant(s) a conciliation agreement acceptable to the Commission.

11.  All conditions precedent to the initiation of this lawsuit have been fulfilled.

12.  Johnson is a person with a disability as defined by the ADA.  Johnson has had diabetes since at least 2003.  In November 2011, Johnson had a heart attack and was also diagnosed with other medical conditions, including unstable angina, coronary artery disease, diabetes mellitus, and neuropathy.  These conditions substantially limit one or more of Johnson's major life activities, including but not limited to major bodily

functions such as digestive, circulatory, endocrine, and neurological functions.

13. In January 2008, Defendants hired Johnson as a driver in their Paloma Blanca Health & Rehab Center in Albuquerque, New Mexico. As a driver, Johnson drove a van and took nursing home patients to medical appointments.

14. Approximately two years later, Defendants began to require Johnson to perform the duties of the Central Supply Clerk position in addition to his regular driving duties. In this capacity, Johnson ordered medicines, diapers, and any items the facility needed (with the exception of food items).

15. Johnson's supervisors were aware that he had diabetes. Johnson told every administrator who ran the facility during the time he was employed there that:

(a) he had diabetes, and

(b) in order to effectively manage his diabetes, he needed to have reasonable hours (in the range of 40 hours per week) and that he needed to avoid working 12 and 14 hour shifts.

16. The last administrator Johnson worked with during his employment with Defendants was Michael Banes. As he had with the previous administrators, Johnson informed Banes of his disability and requested a reasonable accommodation in the form of a reasonable schedule with few or no 12 to 14 hour shifts.

17. Under Banes, Defendants required Johnson to work more than eight hours per day at least three to four days per week, despite his request for a reasonable accommodation of

less hours.

18.  On several occasions, Johnson told Defendants' then-Human Resources Director, Tasha Romero, that Defendants required him to work too many hours.

19.  Johnson also informed the next Human Resources Director, Kyle Alred, about his concerns about his health and the number of hours Defendants required him to work.

20.  In or around September 2011, Johnson experienced significant weight loss. His deteriorating health qualified him for hospice care.  He asked Defendants whether his health insurance covered hospice care, and, when he learned that it did not, he continued working.

21.  Shortly after this inquiry, Banes provided Johnson with two job descriptions: Driver and Central Supply Clerk.  Banes demanded that Johnson have his doctor verify that he was able to perform the duties of both positions.  By a note dated September 26, 2011, Johnson's doctor verified that he could "do all work assigned to him."  Banes made a comment to the effect that Johnson was "just too poor to die."

22.  On November 23, 2011, Johnson had a heart attack.  While hospitalized, Johnson was diagnosed with unstable angina, coronary artery disease, diabetes mellitus, and neuropathy.  Defendants were aware of Johnson's disabilities as their administrator, Banes, visited Johnson in the hospital at least twice.  Defendants also knew about Johnson's disabilities because of his subsequent request for leave.

23.  Johnson again requested a reasonable accommodation for his disabilities, this

time in the form of a request for leave under the Family Medical Leave Act (FMLA). Defendants approved twelve weeks of FMLA leave for Johnson and notified him of their decision by letter dated November 28, 2011.

24. After only five weeks of FMLA leave, in a letter dated January 5, 2012, Defendants notified Johnson that it had eliminated his position as a Central Supply Clerk and laid Johnson off due to a reduction in force effective December 31, 2011. No other employees were subjected to a reduction in force at that time, and there were no department- or facility-wide reductions in force during December 2011.

25. When he received the termination letter, Johnson had been discharged from the hospital and was home recuperating and planning follow up care. This follow up care included ninety days of therapy to assist his recovery and help him return to work. But Johnson was unable to obtain this therapy because he lost his medical insurance when Defendants terminated his employment.

26. In January 2012, Defendants temporarily assigned a Certified Nursing Assistant, Claudio Taliento, to perform Johnson's duties as a Central Supply Clerk and a Driver. Taliento had been employed with Defendants since 2011.

27. In May 2012, Defendants hired another employee, Sally Tyk, to work as a Central Supply Clerk.

28. Banes subsequently admitted that Johnson's position was not eliminated, and that Johnson's termination "all centered around his health."

29. During his employment with Defendants, Johnson's performance was consistently satisfactory. Banes himself stated that Johnson was a "great employee" who was prompt, reliable, capable, and "awesome." Former Human Resources Director Tasha Romero described Johnson as a good employee and observed that he was good with the residents. Former administrator Kathy Pannel also described Johnson as a dedicated and loyal employee who was willing to do anything Defendants asked of him.

30. Since at least May 2011, Defendants have engaged in unlawful employment practices by refusing to provide reasonable accommodations to Doug Johnson, including but not limited to reducing his hours and refusing to grant him leave, in violation of Section 102 of Title I of the ADA, 42 U.S.C §12112(b)(5)(A).

31. Since at least December 31, 2011, Defendants have engaged in unlawful employment practices by terminating Doug Johnson because of his disability and/or because he requested accommodations in violation of Section 102 of Title I of the ADA, 42 U.S.C § 12112(a-b).

32. The effect of Defendants' refusal to reasonably accommodate Johnson and Defendants' termination of Johnson's because of his disability and/or because he requested the reasonable accommodations he needed due to his disabilities as complained of in paragraphs (12–31) above has been to deprive Johnson of equal employment opportunities and has otherwise adversely affected his status as an employee.

33. The unlawful employment practices complained of in paragraphs (12–31)

above were committed intentionally.

34.     The unlawful employment practices complained of in paragraphs (12–31) above were committed with malice or with reckless indifference to Johnson's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation, disability discrimination, and any other employment practice which discriminates on the basis of disability.

B.      Order Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C.      Order Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, to make Johnson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful place reinstatement of Johnson or, in the alternative, front pay.

      D.      Order Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs (12–31) above, including medical and mitigation expenses, in amounts to be determined at trial.

      E.      Order Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, to make Johnson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs (12–31) above, including but not limited to emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendants Paloma Blanca Health & Rehabilitation, LLC, Alpha Health Care Properties, LLC, and La Vie Care Centers, LLC, to pay punitive damages to Johnson for their malicious conduct or reckless indifference, as described in paragraphs (12–31) above, in an amount to be determined at trial.

      G.      Grant such further relief as this Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 11th day of March, 2014.

>	P. DAVID LOPEZ
>	General Counsel
>
>	U.S. Equal Employment Opportunity Commission
>
>	MARY JO O'NEILL
>	Regional Attorney
>	Phoenix District Office
>
>	RITA BYRNES KITTLE
>	Supervisory Trial Attorney
>	Denver Field Office
>
>	*/s/ Loretta Medina*
>	LORETTA MEDINA
>	Senior Trial Attorney
>
>	EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>	Albuquerque Area Office
>	505 Marquette Ave. N.W., Suite 900
>	Albuquerque, New Mexico  87102
>	(505) 248-5230
>
>	Attorneys for Plaintiff