IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:14-CV-0235 JCH/SCY

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

PALOMA BLANCA HEALTH CARE ASSOCIATES, LLC
d/b/a PALOMA BLANCA HEALTH AND REHABILITATION,

Defendant.

**CONSENT DECREE**

**I.  RECITALS**

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Paloma Blanca Health Care Associates, LLC, d/b/a Paloma Blanca Health and Rehabilitation ("Defendant" or "Paloma Blanca Health Care Associates, LLC"), discriminated against Doug Johnson on the basis of his disabilities by refusing to reasonably accommodate Johnson and terminating him because of his disabilities and/or because he requested the reasonable accommodations he needed due to his disabilities in violation of Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 (a-b), as amended by the ADA Amendments Act of 2008.  Defendant denies that Johnson ever requested

1

accommodations and denies that Johnson's termination was related in any way to his disabilities and/or alleged request for accommodations. Defendant maintains that Johnson was terminated for legitimate, non-discriminatory reasons related to a downsizing at Paloma Blanca. Defendant's consent to this Decree shall not in any way be construed as an admission by Defendant of any alleged wrongful acts of any kind or nature whatsoever by Defendant or any of its past or present officers or employees.

**2.**     The Parties to this Decree are the Plaintiff EEOC and the Defendant Paloma Blanca Health Care Associates, LLC, d/b/a Paloma Blanca Health and Rehabilitation ("Defendant").

**3.**     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**4.**     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**5.**     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

**6.**     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III.  TERM AND SCOPE

**7.**     **Term:**  The duration of this Decree shall be two (2) years from the date of signing by the Court.

**8.**     **Scope:** The terms of this Decree shall apply to Paloma Blanca Health Care Associates, LLC d/b/a Paloma Blanca Health and Rehabilitation and any facilities owned or operated by Defendant in the State of New Mexico for the duration of the Decree.

### IV.  ISSUES RESOLVED

**9.**     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title I and Title V of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 (a-b), as amended by the ADA Amendments Act of 2008 that arise from Charge of Discrimination Number  543-2012-000653 filed by Douglas Johnson.

**10.**     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

### V.     MONETARY RELIEF

**11.**     Judgment is hereby entered in favor of the Commission and against Defendant in the amount of One Hundred Forty-Five Thousand Dollars ($145,000).

**12.**     Defendant will not condition the receipt of individual relief upon Doug Johnson's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the

case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of the Defendant's facilities.

13.     To resolve these claims, Defendant shall pay a total of $145,000.00 allocated as follows:

    **13.1** Back pay in the amount of $125,000.00.

    **13.2** Reimbursement for Medical Bills in the amount of $20,000.00.

EEOC retains the sole discretion to determine allocations of monetary relief to Doug Johnson pursuant to this Decree. For amounts designated as back pay, Defendant may only deduct lawful employee deductions and must provide Doug Johnson a W-2 showing deductions. For amounts designated as reimbursement for pecuniary damages (medical bills), Defendant shall make no deductions and shall issue 1099s to Doug Johnson.

14.     The first payments required by this Decree shall include a payment consisting of $65,000.00 in back pay and a payment consisting of $20,000.00 as reimbursement for Medical Bills. These payments shall be mailed to Doug Johnson at 7636 Via Sereno SW, Albuquerque, New Mexico, 87121, within thirty (30) days after the Court's entry of this Decree or thirty (30) days after Defendant's receipt of W-4 and W-9 required tax forms executed by Doug Johnson, whichever is later. The second and final payment required by this Decree shall be $60,000.00 in back pay and shall be mailed to Doug Johnson at 7636 Via Sereno SW, Albuquerque, New Mexico, 87121 by no later than

January 15, 2015. All checks shall be made payable to "Douglas Johnson and Melissa Johnson."

**15.** Within three (3) business days after payments are mailed to Doug Johnson, Defendant shall mail to EEOC via United States Mail a copy of the checks issued.

## VI.  OTHER INDIVIDUAL RELIEF

**16.** Defendant shall expunge from Doug Johnson's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Doug Johnson's participation in this action; and (c) any and all documents that refer, make reference to, or relate to Doug Johnson's disability(s).

**17.** Defendants shall expunge records of termination from Doug Johnson's records and shall ensure that all of Defendant's records reflect that Doug Johnson voluntarily resigned from his employment.

## VII.  EQUITABLE RELIEF

*A.     Injunctive Relief*

**18.** Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

**19.** Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act as

amended.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.     *Anti-discrimination Policy*

**20.**     Defendant shall review its policy proscribing discrimination based on disability, and proscribing retaliation against any employee who complains about discrimination, requests disability accommodation(s), or files a charge of discrimination ("Anti-Discrimination Policy") and if necessary, update and revise any provisions.  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place at Paloma Blanca Health Care Associates, LLC that is frequented by employees, a copy of the Anti-Discrimination Policy.  Within thirty (30) days of the Court's entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees, and will provide the policy to newly-hired employees within ten (10) days of their hire.  Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of

the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

### C. *Policy Regarding Complaints of Discrimination*

21. Defendant shall maintain a policy encouraging employees to report any conduct believed to be discriminatory, and reports of alleged discriminatory conduct will be subjected to a full and fair investigation. The mechanism for reporting discrimination shall be set forth in the aforementioned Anti-Discrimination Policy posted and distributed by Defendant. The method by which employees shall report discrimination shall be set forth in the Anti-Discrimination Policy to include explicit instructions for making such reports.

    21.1. Defendant shall promptly, reasonably, and appropriately investigate all complaints of disability discrimination. Defendant shall take immediate appropriate corrective action based on its investigative results.

22. Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents, instead, must be retained in a separate secure location of Defendant's choosing. All disciplinary actions taken against employees for violation of Defendant's Anti-Discrimination Policy will be retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall be retained in a secure location of Defendant's choosing for at least the period of the consent decree.

### D. *Reasonable Accommodation Guidance*

**23.** Within ninety (90) days of entry of this Decree, Defendant shall review its procedures that address reasonable accommodation of disabilities, and if necessary, update and revise any procedures. Any updated or revised reasonable accommodation procedures shall be distributed to all Defendant's employees within thirty (30) days of the update or revision.

### E. *Training*

**24.** At least annually, Paloma Blanca Health Care Associates, LLC shall provide EEO training for all its employees. Under this provision, employees will be trained, at a minimum, in the following areas: (a) the company's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful disability discrimination; (c) the penalties of engaging in discriminatory behavior; (d) the company's non-retaliation policy; and (e) the company's procedures for handling accommodation requests. All training under this Paragraph shall be at Defendant's selection and expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing. The training will be conducted as follows:

> **24.1. Non-managerial Employees:** Paloma Blanca Health Care Associates, LLC will provide its non-managerial employees with at least two (2) hours of training per year, including at least twenty (20) minutes for questions. At least one (1) hour of this training will focus on prohibitions on disability discrimination and the need to provide reasonable accommodation(s) for disabilities. To satisfy

this training requirement while still meeting the operational needs of its business, Paloma Blanca Health Care Associates, LLC may hold one (1) two- (2) hour training session or multiple training sessions totaling two (2) hours.  Attendance will be mandatory for all non-managerial employees.

**24.2.  Managerial and Supervisory Employees**:  Paloma Blanca Health Care Associates, LLC will require all individuals who work in a managerial or supervisory capacity (as those positions are defined by Paloma Blanca Health Care Associates, LLC) to receive at least four (4) hours of training annually, including at least twenty (20) minutes for questions, regarding the Americans with Disabilities Act, as amended  and other federal anti-discrimination laws.  Two (2) of the four (4) hours must directly address disability discrimination, and two (2) of the four (4) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Paloma Blanca Health Care Associates, LLC shall emphasize with its managerial and supervisorial employees that, due to their position of power, such employees: (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  To satisfy this training requirement while still meeting the operational needs of its business, Paloma Blanca Health Care Associates, LLC may hold one (1) four- (4) hour

training session or multiple training sessions totaling four (4) hours.  Attendance will be mandatory for all managerial and supervisory employees.

**24.3. Human Resource Employees:** Paloma Blanca Health Care Associates, LLC will require its HR/Payroll Coordinator to receive at least six (6) hours of training annually regarding the Americans with Disabilities Act, as amended, and other federal anti-discrimination laws.  Two (2) of the six (6) hours must directly address disability discrimination, and at least three (3) hours of the six (6) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence and archiving Paloma Blanca Health Care Associates, LLC's investigation of complaints.

**25.** Paloma Blanca Health Care Associates, LLC agrees that the first such training session, or first in the series of such training sessions, for each employee group identified in Paragraph 24 above, will take place within ninety (90) days after the Court's entry of this Decree.  Paloma Blanca Health Care Associates, LLC agrees that all of its personnel shall attend the training sessions.

**26.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with thirty (30) days notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months,

if such is more convenient.  Defendant may provide notice through their legal counsel or the Regional Director of Human Resources for Paloma Blanca Health Care Associates, LLC.

### *F.     Notice Posting*

**27.**     Within five (5) business days after the Court's entry of this Decree, Paloma Blanca Health Care Associates, LLC shall post in a conspicuous place frequented by employees, the Notice attached as Exhibit A to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit A.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Paloma Blanca Health Care Associates, LLC will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### *G.      Decree Compliance and Reporting*

**28.**     For the duration of this Consent Decree, Paloma Blanca Health Care Associates, LLC shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

> **28.1.**  Complaints of disability discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

**28.2.** Requests for accommodation and records documenting efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided.

**29.** Paloma Blanca Health Care Associates, LLC shall provide one (1) annual report for each twelve-month period following the date on which the Court enters this Decree. The report shall be submitted by certified mail, postage prepaid, thirty (30) calendar days following the conclusion of the respective twelve-month period, except the final report which shall be submitted by certified mail, postage prepaid, to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire. Such reports should be addressed to Regional Attorney Mary Jo O'Neill, c/o EEOC Albuquerque Area Office, 505 Marquette, NW, Suite 900, Albuquerque, New Mexico, 87102.

**30. Reporting Requirements:** Each report shall provide the following information:

**30.1. Reports of Disability Discrimination**

**30.1.1.** For purposes of this Paragraph, the term "report of disability discrimination" will include any written or verbal complaint made by a current employee to the Executive Director, Director of Clinical Services, Regional Director of Human Resources, or HR/Payroll Coordinator, or of which these individuals are aware, which alleges disability discrimination, or the witnessing of disability discrimination against a current employee, even if such terminology is not used by the current employee. The current employee need not invoke the terms "discrimination," "ADA," "disparate

12

treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. The report will include:

a. The name, address, work email address (if applicable), and telephone number of each current employee making a complaint of disability discrimination to the specific individuals listed in Paragraph 30.1.1. or to any federal, state, or local government agency;

b. The name, address, work email address if applicable, and telephone number of each person identified as a potential witness to the incident of disability discrimination, with the exception of non-employee witnesses, who will be identified in a redacted format to comply with the Health Insurance Portability and Accountability Act and other federal and state privacy laws;

c. A brief summary of each complaint by each current employee, including the date of the complaint (if known), the name of the individual(s) who allegedly engaged in the discriminatory conduct (if known), a brief summary of the Defendant's investigation and response to the complaint), the name of the person who investigated or responded to the complaint, and a brief summary of what, if any resolution was reached; and

d. Paragraph 30.1 does not require Defendants to report to the

Commission any complaints of disability discrimination that it receives from former employees or non-employees.

**30.2. Complaints of Retaliation**

**30.2.1.** For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint made by a current employee to the Executive Director, Director of Clinical Services, Regional Director of Human Resources, or HR/Payroll Coordinator, which alleges retaliation for activity that is protected under the Americans with Disabilities Act, as amended, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under the Americans with Disabilities Act, as amended, even if the current employee does not use legal or technical terminology.

**30.2.2.** The report shall include:

a.   The name, address, work email address (if applicable), and telephone number of each current employee making a complaint of retaliation to the specific individuals listed in Paragraph 30.2.1. or to any federal, state, or local government agency;

b.   The name, address, work email address (if applicable), and telephone number of each person identified as a potential witness to the incident of retaliation, with the exception of non-employee witnesses, who will be identified in a redacted format to comply with the Health Insurance Portability and Accountability Act and other federal and state privacy laws;

c.       A brief summary of each complaint by each current employee, including the date of the complaint (if known), the name of the individual(s) who allegedly engaged in the retaliatory conduct (if known), a brief summary of the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and a brief summary of what, if any resolution was reached; and

d.       Paragraph 30.2 does not require Defendant to report to the Commission any complaints of retaliation that it receives from former employees or non-employees.

**30.3. ADA Reasonable Accommodation Procedures and Results**

**30.3.1.**   The name, address and telephone number of each employee making a request for disability accommodation to a managerial or supervisory employee at Paloma Blanca Health Care Associates, LLC.

**30.3.2.**   A brief summary of each request for disability accommodation by an employee, including the following: the date of the request (if known); the person or persons to whom the request was made (if known); the person or persons responsible for responding to the request; any effort to engage in the interactive process with the employee requesting disability accommodation; what disability accommodation was requested; whether the requested disability accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other disability accommodation was provided, and if so, what disability

accommodation was provided, and an explanation of the reasons for providing that disability accommodation.

**30.4. Training**

    **30.4.1.** For each training program required under Paragraph 24.1, and conducted during the reporting period, Paloma Blanca Health Care Associates, LLC shall submit a registry of attendance. The registry of attendance shall be provided with the first report due after the date of each training session required by Paragraph 24.1.

    **30.4.2.** For each training program required under Paragraphs 24.2 and 24.3, and completed during the reporting period, Paloma Blanca Health Care Associates, LLC shall certify which employees attended or provide a registry of attendance. Such certification or registry of attendance shall be provided with the first report due after the date of each training session required by Paragraphs 24.2 and 24.3.

    **30.4.3.** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications. This information shall be provided to the Commission within the first report due after the training session.

**30.5. Posting of Notice**: Paloma Blanca Health Care Associates, LLC shall recertify to the Commission that the Notice required to be posted under Section

VII.F. of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**30.6.  Policy Review**:  Paloma Blanca Health Care Associates, LLC shall report on the status of the policy and  procedure review process required under Paragraphs 20 and 23, above.

### IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**31.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**32.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**33.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.  Before petitioning the Court, the Commission shall notify the Defendant in writing of the alleged non-compliance and provide Defendant twenty (20) business days to cure the non-compliance.

**34.** Absent extension, this Decree shall expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**35.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**36.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**37.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

> Mary Jo O'Neill  
> Regional Attorney  
> EEOC Albuquerque Area Office  
> 505 Marquette NW, Ste. 900  
> Albuquerque, New Mexico, 87102

> Shawn Oller  
> Littler Mendelson  
> 2425 East Camelback Road, Suite 900  
> Phoenix, Arizona 85016-4242

## XIII.  SIGNATURES

**38.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 26th day of November, 2014.

BY THE COURT:

_____  
HONORABLE JUDITH C. HERRERA  
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: _____

Paloma Blanca Health Care Associates LLC, d/b/a Paloma Blanca Health and Rehabilitation

By: _____
    Jennifer Watson
    Associate Corporate Counsel

Date: _____

APPROVED AS TO FORM:

_____
William Moench
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

_____
Loretta Medina
Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette, NW, Suite 900
Albuquerque, New Mexico

Attorneys for Plaintiff EEOC

_____
Shawn Oller
LITTLER MENDELSON
2425 East Camelback Road, Suite 900
Phoenix, Arizona  85016-4242

Attorneys for Defendants

## ATTACHMENT A

## <u>NOTICE</u>

Management of Paloma Blanca Health Care Associates, LLC ("Paloma Blanca") wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Paloma Blanca seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, or disability. This policy extends to reasonable accommodation, insurance benefits, and all other terms, conditions, and privileges of employment.

Pursuant to the Americans with Disabilities Act as amended ("ADAAA"), it is unlawful for an employer to discriminate based upon the disability(s) of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested a reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Paloma Blanca respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Paloma Blanca reaffirms its commitment to complying with the strictures of the ADAAA, in that it is our policy to prohibit all discrimination based on disability.

Paloma Blanca also reaffirms its commitment to providing reasonable accommodations for employees and applicants for employment with disabilities.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000 or (505) 248-5201. The New Mexico Human Rights Division (NMHRD) may also be contacted at (505) 827-6838. In compliance with federal law, no official of Paloma Blanca will retaliate against an employee who makes an internal complaint of discrimination in good faith or who contacts the EEOC or the NMHRD, its state counterpart.